# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO. 5:08CR12-2-V

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **JOEY ANTRONE CARROLL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's Motion for Reconsideration of Bond and Motion to Stay. Document #41. The Defendant had detention hearings before United States Magistrate Judge Carl Horn on March 25 and April 21, 2008. At the conclusion of those hearings, the Magistrate Judge ordered the Defendant released, subject to electronic monitoring and a $50,000 unsecured bond. Documents ##38, 39. Also on April 21, 2008, immediately subsequent to that order, the Government appealed the order granting bond. See 18 U.S.C. § 3145(a).

This Court reviews de novo the Magistrate Judge's order granting the pre-trial release of the Defendant. See United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985); United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001) (unpublished). The Court must "determine whether any condition or combination of conditions ... will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). In making this determination, the Court must consider several relevant factors. 18 U.S.C. § 3142(g).

The Court has reviewed the electronic recordings of the detention hearings before Magistrate Judge Horn, the contents of the criminal file in this matter, and the

brief of the Government. The Government has indicted the Defendant for a violation of 21 U.S.C. § 846, namely conspiracy to possess with intent to distribute a controlled substance. This charge raises a rebuttable presumption that no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of the community. See 18 U.S.C. § 3142(e) (citing to section (f)(1), which lists offenses under the Controlled Substances Act).[1]

Magistrate Judge Horn accepted the recommendation of the pre-trial services report and granted the release of the Defendant pursuant to several conditions. See Documents ##38, 39. Having reviewed that decision, this Court finds that the Defendant does not overcome the rebuttable presumption of detention, and therefore the Court hereby orders the Defendant <u>detained</u> pending trial.

The rebuttable presumption is buoyed by the nature and circumstances of the offense of which the Defendant stands accused. The offense charged involves a significant amount of narcotics. The Government also presented evidence that the Defendant mailed drugs and firearms to gang members in California. Furthermore, the weight of the evidence implicating the Defendant is quite strong. Law enforcement arrested the Defendant twice, once in the presence of narcotics and firearms, and once when the Defendant actually possessed the controlled substance. The Government also possesses post-<u>Miranda</u> admissions by the Defendant that his involvement in the conspiracy included substantial quantities of cocaine.

---

[1] In regard to the Controlled Substances Act, a rebuttable presumption arises for offenses punishable by a maximum term of ten years or more imprisonment. 18 U.S.C. § 3142(f)(1)(C). The Government has charged the Defendant with a conspiracy to possess with intent to distribute at least five (5) kilograms of cocaine, pursuant to 21 U.S.C. §§ 846 and 841(a)(1). The penalty prescribed for that offense is a term of imprisonment not less than ten (10) years. 21 U.S.C. § 841(b)(1)(A).

The history and characteristics of the Defendant also favor detention. The Magistrate Judge did acknowledge that the Defendant has family ties in the area, and that he seems to maintain consistent employment. However, there is evidence that at least two family members of the Defendant are implicated in this conspiracy as well. The Court also notes that the information regarding the history and family ties of the Defendant in the pre-trial services report was not verified.

Perhaps most importantly, the Defendant has a history of failures to comply or cooperate. After his first arrest, law enforcement officers offered the Defendant an opportunity to cooperate. After two days, the Defendant broke-off communication with law enforcement and resumed dealing drugs until he was arrested for the second time. Additionally, the Defendant has a criminal record that includes three failures to appear and at least two probation violations. These instances are strong indicators that no combination of conditions can reasonably assure the future appearance of the Defendant.

The Defendant has been charged with a serious drug offense. Since most of the relevant factors favor detention and the scant evidence in favor of bond is mitigated, there is insufficient evidence to overcome the rebuttable presumption that no combination of conditions can reasonably assure the appearance of the Defendant or the safety of the community.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Reconsider Bond is hereby **GRANTED,** and the Court orders that the Defendant be **DETAINED** pending trial.

Signed: May 5, 2008

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge